**In re BRODBECK.   (Three cases.)**

[Cite as *In re Brodbeck* (1994), 97 Ohio App.3d 652.]

Court of Appeals of Ohio,
Mercer County.

Nos. 10–94–1 to 10–94–3.

Decided Oct. 19, 1994.

**654**

*Brent Anderson,* for appellant.

*Paul E. Howell,* Mercer County Prosecuting Attorney, and *Andrew J. Hinders,* Assistant Prosecuting Attorney, for appellee, Mercer County Department of Human Services.

*James Tesno,* for appellee, *guardian ad litem.*

HADLEY, Judge.

Appellant, Mary Brodbeck ("appellant"), appeals from three judgments of the Mercer County Court of Common Pleas, Juvenile Division, granting permanent custody of her and her husband's minor children, Roger, Amos, and Matthew Brodbeck ("children"), to the Mercer County Department of Human Services ("department").

On August 27, 1993, the department filed three complaints alleging that the children were dependent and requested orders for permanent custody.[1] The department filed a motion requesting the appointment of counsel for the Brodbecks and a guardian *ad litem* for the children. A guardian *ad litem* was appointed for the children on August 30, 1993. A judgment entry, also dated August 30, appointed Michael Sacher as the Brodbecks' counsel, but indicated it was done at their request.

A hearing was scheduled for September 3, 1993 and the Brodbecks were personally served with summons; however, they failed to appear. At the hearing, the court discussed Sacher's appointment as counsel and noted that he had previously represented the Brodbecks pursuant to an order from the court. In response to the complaints, Sacher entered denials on the Brodbecks' behalf.

An adjudicatory hearing was held on September 21, 1993. Appellant failed to appear at this hearing.[2] In its judgment entries dated September 27, 1993, the trial court found by clear and convincing evidence that the children were dependent.

The department filed a case plan as well as motions for permanent custody on September 21, 1993. Again, the Brodbecks were personally served with summons regarding these motions. The guardian *ad litem* filed a report on October 5, 1993 that supplemented a previous report filed on July 13, 1993.

On October 8, 1993, a hearing regarding the motion for permanent custody was held. Appellant again failed to appear at this hearing. In its judgment entries of October 21, 1993, the trial court found that the children could not be placed with their parents within a reasonable period of time based on the factors set forth by R.C. 2151.414(E)(1) and (4) and set the matter for further hearing.

A final hearing was held on November 8, 1993. Appellant was present at this hearing. On December 7, 1993, the trial court granted the department's motion for permanent custody and terminated all of the Brodbecks' parental rights and responsibilities.

A motion to consolidate these cases was granted by this court on April 7, 1994.

---

1. The department had been providing services to the Brodbecks since 1990, apparently filed previous actions regarding the children in 1991, and received temporary custody of the children in 1992.

2. It appears that Mr. Brodbeck was incarcerated in the Mercer County Jail during most of the proceedings of this case. This stems from an attempted assault on law enforcement officers that occurred on September 14, 1993. However, he was in attendance at this hearing and all subsequent hearings.

It is against these judgment entries, granting permanent custody of her and her husband's children to the Mercer County Department of Human Services, that appellant asserts the following assignments of error.

### Assignment of Error No. 1

"The [t]rial [c]ourt erred to the prejudice of [a]ppellant when it failed to appoint separate [c]ounsel to represent the interests of the [a]ppellant and [a]ppellant's husband, thus denying [a]ppellant the effective assistance of [c]ounsel."

R.C. 2151.352 provides that parents are entitled to legal counsel at all phases of a proceeding and if they are unable to afford counsel, one will be appointed.[3] R.C. 2151.352 further states, "If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person. * * * If the interests of two or more such parties conflict, separate counsel shall be provided for each of them."

The record shows that the Brodbecks' attorney, Michael Sacher, had represented the couple in previous matters. The initial hearing transcript reveals that the trial court discussed Sacher's prior representation of the Brodbecks and inquired as to his desire to represent them in this matter. Sacher responded:

"I might state that I have not always had full cooperation from the Brodbecks, but I'd given them the option to request and [sic] alternate attorney, they have not wanted to do that, so I feel comfortable in saying, yes, I'm prepared to continue to represent them to the extent I'm able to benefit their rights."

Neither Mrs. nor Mr. Brodbeck appeared at the initial hearing, even though they had received a summons by personal service.

At subsequent hearings,[4] some testimony regarding Mr. Brodbeck's alleged abuse of appellant was presented; however, testimony also indicated that appellant rejected several suggestions of living independently. Appellant now suggests that Sacher's objections to this line of testimony illustrated that there was a conflict of interest between the Brodbecks. The record shows that Sacher did object to the testimony regarding the alleged abuse of appellant and suggestions of independent living; however, at one point he did so by stating that any separation of the Brodbecks was speculative.

---

3. Juv.R. 4(A) also mandates the right to counsel and appointed counsel if indigent.

4. We again note that appellant failed to appear at the hearings dated September 21 and October 8.

Contrary to appellant's assertion of a conflict, the record is devoid of any evidence to establish that the Brodbecks were going to separate or dissolve their marriage or that they did not plan to raise their family together. Based on this, as well as the rest of the record, we cannot find that the trial court erred in failing to appoint separate counsel for appellant.

■ Within this assignment of error, appellant also insists that she was denied effective assistance of counsel and that Sacher should have withdrawn.

■ A two-pronged test was set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693, to determine whether an individual had effective assistance of counsel:

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

This test is applicable in an action for the permanent, involuntary termination of parental rights. *Jones v. Lucas Cty. Children Serv. Bd.* (1988), 46 Ohio App.3d 85, 546 N.E.2d 471, syllabus. However, we note that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

In his representation of the Brodbecks, Sacher addressed the efforts made by the Brodbecks, the children's relationships with them, and the importance of their family unit. During the proceedings, Sacher also specifically addressed appellant's actions in applying for financial assistance and her faithfulness in going to her doctor appointments. He also highlighted the children's bond to both their parents, particularly one child's attachment to appellant. Sacher had appellant testify at the dispositional hearing regarding her visits with the children and her feelings regarding the custody issue.

■ Again, since there is no indication from the Brodbecks that they wished to pursue these actions independently, Sacher approached the action as representation of a unified husband and wife. As stated in *Strickland,* "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.,* 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. Therefore, based on the foregoing, we cannot conclude that Sacher's performance, in representing appellant, was deficient or that he was obligated to withdraw due to

a conflict. Furthermore, since appellant has failed to show the initial requirement of deficiency, we need not address the second prong of the test.

Appellant's first assignment is overruled.

### Assignment of Error No. 2

"The [t]rial [c]ourt erred to the prejudice of [a]ppellant when it adjudicated the children to be dependent."

■ The entire focus of appellant's argument is that the trial court based its dependency decision on appellant's poverty. Appellant appears to be referring to the judgment entry of September 27, 1993.[5]

■ A dependent child includes a child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming his guardianship." R.C. 2151.04(C). Dependency must be established by clear and convincing evidence. *In re Bishop* (1987), 36 Ohio App.3d 123, 521 N.E.2d 838, paragraph one of the syllabus.

■ Finding children dependent "must be grounded on whether the children are receiving proper care and support." *In re Bibb* (1980), 70 Ohio App.2d 117, 120, 24 O.O.3d 159, 161, 435 N.E.2d 96, 98. Therefore, the determination must be based on the child and his conditions, not the parent's deficiencies. *Id.; In re Bishop, supra*, paragraph two of the syllabus.

It is clear from the record that one of the trial court's grave concerns and basis for its dependency determination was the living conditions of the Brodbecks' home.[6] The evidence indicated that a large pool of sewage was located underneath the trailer, that trash was piled up around the trailer, and that unprotected wiring was hanging at a level easily accessible to a child. There was also testimony that a second trailer in better condition was parked on the Brodbecks' property, but was not being used. In addition, there was testimony that the conditions in the home had declined. The record also illustrates that the Brodbecks disregarded an offer of assistance and recommendations to improve

---

**5.** Actions in the trial court included a prior determination of dependency. Without the record of the prior proceedings, it is unclear why a second dependency complaint was filed at this time, but the complaint does assert a lack of change in the children's conditions as well as new support for seeking permanent custody and avoiding return of the children to their parent's home.

**6.** R.C. 2151.04(B) also states that "dependent child" includes one "[w]ho lacks proper care or support by reason of the mental or physical condition of his parents, guardian, or custodian." In regard to this section, the trial court found that Mr. Brodbeck was uncooperative in participating in mental health counseling. Evidence from the record also reveals that appellant has mental health problems.

these conditions. In response, the trial court specifically stated, "The court realizes the parents in this matter are not wealthy and are very poor and unable to perform some of these things and recognizes that. However, some of them are [*sic*] just require some effort and some cleanliness on the part of the parents * * *."

Therefore, we cannot find that the court based its dependency decision on appellant's poverty. Appellant's assignment of error is overruled.

### Assignment of Error No. 3

"The trial court erred to the prejudice of appellant when it determined that permanent commitment was in the best interests of the children."

■ First, appellant contends that the trial court abused its discretion by failing to order long-term foster care for the children, including continued visitation between appellant and the children.

R.C. 2151.353 lists the types of dispositions a court may order for dependent children. Among those options are permanent custody to a children services agency or long-term family foster care. R.C. 2151.353(A)(4) and (A)(5). In order to place a child in long-term foster care, the statute requires that a children services agency or private child-placing agency request such a placement. R.C. 2151.353(A)(5). In the case at bar, such a request is absent from the record; therefore, the trial court committed no error in failing to order long-term family foster care.

■ Second, as stated, in her assignment of error, appellant also declares that the trial court's finding was not in the best interests of the children and seems to be questioning the weight of the evidence.

■ We first note that the reviewing court must adhere to "every reasonable presumption in favor of the lower court's judgment and finding of facts." *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 226, 638 N.E.2d 533, 536, citing *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Furthermore, judgments will not be reversed if supported by "some competent, credible evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

■ A clear and convincing standard of proof must be met to terminate parental rights. *Santosky v. Kramer* (1982), 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599; *In re Schmidt* (1986), 25 Ohio St.3d 331, 25 OBR 386, 496 N.E.2d 952. Additionally, when committing a child to permanent custody, the trial court must adhere to the mandates of R.C. 2151.414. R.C. 2151.414(B) allows the court to grant permanent custody if it determines that it is in the child's best interest

and "the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents."

In her assignment of error, appellant objects only to the trial court's determination pertaining to the best interests of the children. R.C. 2151.414(D) provides, in pertinent part, "the court shall consider all relevant factors, including, but not limited to, the following [in determining the best interests of the child]:

"(1) The reasonable probability of the child being adopted, whether an adoptive placement would positively benefit the child, and whether a grant of permanent custody would facilitate an adoption;

"(2) The interaction and interrelationship of the child with his parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;

"(3) The wishes of the child * * * with due regard for the maturity of the child;

"(4) The custodial history of the child;

"(5) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency."

In its judgment entries, the trial court specifically held by clear and convincing evidence that it was in the best interests of the children that permanent custody be awarded to the department. The trial court found that there were no suitable relatives. With regard to the two older children, the trial court held that even though there was little probability that the children would be adopted, the custodial history and need for a secure placement outweighed that factor. With regard to the youngest child, the trial court stated that there was a high probability of adoption. In addition, the court stated that it had considered the guardian *ad litem's* reports, which included information regarding the children's relationships with their foster parents and the Brodbecks. The trial court also interviewed the two oldest children.

Moreover, the record included testimony from the caseworker, foster care worker, and foster mother. Testimony revealed the positive aspects of the foster care placement and the progress the children have made since being placed there.

It is evident from the trial court's judgment entry, as well as testimony, that the factors required by R.C. 2151.414(D), as well as other relevant factors, were appropriately considered in awarding permanent custody of the children to the department.

Based upon the review of the record, we can find no such error as claimed by the appellant. This assignment of error is overruled.

Having found no error prejudicial to the appellant herein, we affirm the judgments of the Mercer County Court of Common Pleas, Juvenile Division.

*Judgments affirmed.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.