OPINION
This is an appeal of a Seneca County Common Pleas Court, Juvenile Division, decision granting the permanent custody of Heather Flanagan to the Seneca County Department of Human Services ("SCDHS"). For the following reasons, we affirm that decision.
In February 1994, SCDHS removed eight year old Heather from her mother's care. At the time, they were living with a convicted child molester.
Many case plans were filed with the ultimate goal of reuniting Heather with her mother. Pursuant to those case plans, Lisa Flanagan ("appellant") was required to attend counseling, obtain her own home, and complete parenting classes. Although appellant completed the parenting classes, she allegedly failed to sufficiently comply with the remaining requirements.
Therefore, on April 2, 1997, SCDHS filed a Motion for Emergency Physical Custody alleging that Heather was a neglected child. Additionally, SCDHS sought permanent custody of Heather. The trial court subsequently placed Heather in emergency custody of SCDHS on April 4, 1997.
On June 26, 1997, and July 28, 1997, the trial court held an adjudicatory hearing. At the conclusion of all the evidence, the trial court found that Heather was neglected.
That same day, the trial court held a dispositional hearing. On August 7, 1997, the trial court issued a judgment entry terminating appellant's parental rights. Additionally, the court awarded SCDHS permanent custody of Heather.
It is from this judgment entry that appellant has filed the following assignments of error.
ASSIGNMENT OF ERROR NO. 1
 The trial court failed to make a determination to grant permanent custody by clear and convincing evidence pursuant to the eight factors enumerated in O.R.C. 2151.414(E), and erroneously determined that it was in the child's best interest and that the child could not be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents, that the child was abandoned, or that the child was orphaned in violation of Ohio Revised Code Section 2151.414.
In her first assignment of error, appellant argues that the juvenile court erred in terminating her parental rights. Specifically, she maintains that the juvenile court failed to comply with R.C. 2151.414.
R.C. 2151.414 governs the proper procedure juvenile courts must use when committing a child to permanent custody. In ReBrodbeck (1994), 97 Ohio App.3d 652, 659. Pursuant to R.C.2151.414, the court must initially find by clear and convincing evidence that the granting of permanent custody to the agency is in the best interests of the child. In Re Wise (1994), 96 Ohio App.3d 619,624 citing In Re Higby (1992), 81 Ohio App.3d 466,468. Then, the court must determine that the child cannot, or should not, be placed with either parent within a reasonable time.Id.
When determining the best interests of a child, the court is to consider:
 (1) The reasonable probability of the child being adopted * * *
 (2) The interaction and interrelationship of the child with his parents * * *
 (3) The wishes of the child, as expressed directly by the child or through his guardian ad litem, with due regard for the maturity of the child;
(4) The custodial history of the child;
 (5) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
R.C. 2151.414(D).
Regarding the first factor, the juvenile court found, and the record supports, that there is a reasonable probability that Heather is adoptable.
Additionally, the court found that appellant had failed to regularly communicate or become involved in her daughter's current placement. We note that, due to Heather's emotional state, the court had prohibited all face to face visitation between appellant and her daughter a year prior to the hearing for permanent custody. However, evidence was introduced establishing that appellant had not phoned or written her daughter during this time.[1] The record further indicates that appellant had never spoken with any of Heather's counselors or therapists. Furthermore, the Guardian Ad Litem's report concluded that there was no interaction between appellant and her daughter at the time of the hearing. Therefore, we find that the juvenile court correctly determined that there has been very little interaction between appellant and her daughter since Heather was taken away from her three years ago.
Further, evidence was introduced establishing that Heather had been the victim of sexual abuse while in the custody of appellant.[2] Consequently, Heather had told her therapist that she feared for her safety if she was returned to appellant's custody.
Finally, the record reflects that Heather has been diagnosed with Reactive Attachment Disorder. According to her counselor, Heather needs consistency and stability to cope with her disorder. The juvenile court noted, and the record supports, that appellant had not attended the requisite counseling sessions to learn how to deal with a "special needs child." Additionally, appellant had not obtained her own home prior to the filing of the complaint.[3] Therefore, the court concluded that it was in Heather's best interest to place her in the permanent custody of SCDHS.
We have reviewed the record and find that sufficient evidence exists to support the trial court's finding that the award of permanent custody was in Heather's best interest. See In Re Ward
(1992), 75 Ohio App.3d 377, 379 citing In Re Hederson (1986),30 Ohio App.3d 187, 190 (holding that appellate courts will not reverse a judgment if there is sufficient evidence supporting the court's findings). Additionally, we conclude that the trial court appropriately considered all the relevant factors required by R.C.2151.414(D).
In evaluating the second prong of the termination test, courts are to determine by clear and convincing evidence whether the child cannot, or should not be placed with the parents. R.C.2151.414(E). Furthermore, the court shall determine whether the parents have failed to remedy the problems that initially caused the child to be placed outside the home notwithstanding reasonable case planning and diligent efforts by the agency to aid the parents. Id. Additionally, the court may consider whether the parent has demonstrated a lack of commitment toward the child by failing to communicate with the child or provide an adequate home for the child. Id.
Appellant argues that the evidence presented was insufficient to meet the requirements of R.C. 2151.414. However, the record indicates otherwise.
Under the case plan, appellant was required to attend counseling to learn how to care for her daughter. However, at the time of the hearing, appellant had not complied with the requisite counseling.[4]
Additionally, appellant was required to find permanent housing. Although a parent's inability to find permanent housing is not a requisite factor for terminating parental rights, unwillingness to do so is. In Re William S. (1996), 75 Ohio St.3d 95,100. Here, appellant admitted that she had between $2,000.00 and $5000.00 in her bank account since 1995. However, she still had not found suitable housing at the time the complaint was filed.[5]
Furthermore, we have previously found that appellant had ceased to regularly contact Heather, Heather's counselors or her therapist. Therefore, we find that the record supports the trial court's finding that appellant had displayed a lack of commitment toward Heather.
Accordingly, we believe this evidence is sufficient to meet the clear and convincing standard set forth in the statute that Heather could not, and should not, be placed in appellant's custody. We therefore overrule appellant's first assignment of error.
ASSIGNMENT OF ERROR NO. 2
 The trial court lacked jurisdiction to grant permanent custody of the child to the Seneca County Department of Human Services because it failed to make a determination that it was in the best interest of the child, that there had been significant progress on the case plan, and that the agency had made reasonable efforts to eliminate the continued removal of the child from his home, or to make it possible for the child to return home, in violation of Rule 27 of the Ohio Rules of Juvenile Procedure and O.R.C. Sections 2151.417 and 2151.419.
In her second assignment of error, appellant contends that the trial court failed to find that SCDHS had made reasonable efforts to reunite appellant with her daughter.
Pursuant to R.C. 2151.419, courts must find that the agency filing the complaint for custody "has made reasonable efforts * * * to eliminate the continued removal of the child from his home, or to make it possible for the child to return home." Additionally, courts are required to make written findings of fact describing the services offered by the agency and the reasons why those services were inadequate to reunite the family. R.C.2151.419(B).
In the present case, the trial court did not cite the requisite findings pursuant to R.C. 2151.419 when it terminated appellant's parental rights. However, the record contains testimony establishing the agency's efforts in reuniting appellant and her daughter. Therefore, we can determine the reasonableness of the agency's efforts from the record. In Re Pieper Children
(1993), 85 Ohio App.3d 318, 326.
At the time of the permanent custody hearing, Heather had been in SCDHS' custody for approximately three years. Throughout those years, several case plans had been filed in an effort to reunite appellant and her daughter. However, appellant repeatedly failed to fully comply with the agency's requirements that she attend counseling and obtain her own housing.
The judgment entry does not explicitly list those agency requirements and appellant's failures to comply. Nevertheless, the court did make several findings of fact that strongly imply that SCDHS' efforts to reunify appellant and Heather were reasonable but unsuccessful.
Specifically, the court found that appellant had failed to attend the counseling sessions ordered by both the court and SCDHS. Further, it determined that appellant had failed to obtain her own home prior to the hearing although she had sufficient funds to do so.
Finally, the court expressly found that appellant had repeatedly failed to remedy the conditions causing Heather to be removed from her home despite the reasonable case planning and diligent efforts by the agency to assist her in remedying those conditions. Therefore, we find that the trial court's failure to expressly list the services offered by SCDHS in this case to be a minor error falling under the scope of harmless error. See Civ.R. 61.
Due to the evidence contained in the record and the trial court's subsequent findings, we conclude that appellant has not shown any prejudice to her defense in this matter. Therefore, we will not reverse that judgment as the record contains sufficient, competent evidence supporting that decision. See Knor v. ParkingCo. of Am. (1991), 73 Ohio App.3d 177, 189.
Accordingly, we overrule appellant's second assignment of error.
ASSIGNMENT OF ERROR NO. 3
 The trial court failed to ascertain whether notice requirements had been complied with and failed to inform the parties of the substance of the complaint, the purpose of the hearing, and the possible consequences of the hearing in violation of Rule 29 of the Ohio Rules of Juvenile Procedure.
Finally, appellant argues that the court failed to comply with Juv.R. 29(B).
Juv.R. 29(B) provides, in pertinent part:
 At the beginning of the hearing, the court shall: (1) Ascertain whether notice requirements have been complied with * * * (2) Inform the parties of the substance of the complaint, the purpose of the hearing and possible consequences thereof * * * *
A court's total disregard of the requirements of Juv.R. 29(B) has been held to be prejudicial error. In Re Johnson (1995),106 Ohio App.3d 38, 44. However, a court's substantial compliance with the rule is sufficient. In Re William H. (1995), 105 Ohio App.3d 761,766.
In the present case, the record shows that the court posted a legal notice in The Advertiser-Tribune for one week on April 17, 1997. That notice informed anyone claiming parental rights to Heather that a permanent custody hearing would be held on June 26, 1997. The notice further informed such person that he would be entitled to appointed counsel if indigent. Additionally, the notice was published in accordance with Juv.R. 16.
Moreover, the State personally served a summons and a copy of the Motion for Permanent Custody of Heather on appellant. That summons informed her that a hearing would be held regarding the permanent custody of her daughter. The summons further informed her that she was entitled to counsel at the hearing. Finally, it informed appellant of the consequences of the hearing.
The record further reflects that all essential participants were present at the adjudicatory hearing.[6] Therefore, we conclude that the record supports that all the parties were properly notified. Accordingly, we find that appellant was not prejudiced by the court's failure to comply with Juv.R. 29(B)(1).
Moreover, at the hearing, appellant's attorney presented evidence on her behalf and cross-examined opposing witnesses. Therefore, we fail to see how appellant was prejudiced as it appears from the record that all parties were aware of the hearing's purpose.
Furthermore, appellant's trial counsel did not object to the court's failure to comply with Juv.R. 29(B). Errors not brought to the attention of the court by objection or otherwise are waived and may not be raised on appeal. Shover v. Cordis Corp. (1991),61 Ohio St.3d 213, 220. Accordingly, we find that any error committed by the court in failing to follow Juv.R. 29(B) has been waived on appeal.
Therefore, we overrule appellant's final assignment of error.
For the aforementioned reasons, we accordingly affirm the Seneca County Common Pleas, Juvenile Division, judgment entry terminating appellant's parental rights.
Judgment affirmed.
EVANS and BRYANT, JJ., concur.
[1] Appellant claimed that she did not call her daughter because it was a long distance call nor did she write her as she did not write anyone.
[2] Heather's therapist testified at the hearing that she had confided in him that she had been sexually abused by some of appellant's previous boyfriends.
[3] Instead, she constantly moved from place to place every few months. The counselors and guardian ad litems expressed concern that this nomadic lifestyle was not conducive to providing the type of stability and permanency needed by Heather due to her Reactive Attachment Disorder.
[4] Both the case plan and the juvenile court had ordered appellant to seek counseling in order to reunite with her daughter. However, in the three years her daughter has been in the custody of SCDHS, appellant had only attended four counseling sessions.
[5] Appellant attempted to excuse this failure by stating that she was unable to locate any available apartments. However, a counselor at SCDHS testified that she had informed appellant of available apartments on numerous occasions but appellant never followed up on those leads. Additionally, evidence was introduced establishing that appellant's other teen-age daughter had found an apartment of her own.
[6] No father appeared on behalf of Heather. However, Heather's paternity has not been established.