OPINION
These seven consolidated appeals challenge orders of the juvenile court terminating appellant Catherine Nicholson's parental rights to seven of her children and awarding permanent custody to appellee Cuyahoga County Department of Children and Family Services ("CCDCFS").
This matter commenced in April 1995 with the filing of a series of complaints. During the course of the proceedings all children were found to be dependent. Nicholson stipulated to this finding. Approximately three and one-half years later, after her failure to complete her case plan, the juvenile court terminated her parental rights. She now appeals, without challenging any of the juvenile court's factual findings, raising four assignments of error.
Nicholson's first assignment of error follows:
 THE COURT'S CONSIDERATION OF THE GUARDIAN AD LITEM'S REPORT AFTER THE FINAL HEARING VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND THE EXPRESS PROCEDURAL REQUIREMENTS OF R.C. 2151.41.4 (C).
This assignment lacks merit.
Nicholson's first assignment complains that the guardian adlitem did not file his written report until the day after the final hearing. She acknowledges, however, that the guardian did appear at the permanent custody hearing and stated his recommendation that termination of her parental rights was in the best interest of the children.
This court has previously held that absent a timely objection in the trial court no reversible error occurs, even when no guardian report is ever filed. In re Cordell, Cuyahoga App. Nos. 60049 and 60050, unreported at p. 6, citing Shiflett v. Korp
(Sept. 27, 1990), Cuyahoga App. No. 58293, unreported at p. 6. As in Cordell and Shiflett, Nicholson never objected, before, during, or after trial, to the procedure followed in the case at bar and, therefore, waived any claim of error.
Nicholson does not challenge the trial court's findings or the sufficiency of the evidence to support the termination of her parental rights. The guardian ad litem appeared at the permanent custody hearing and Nicholson was afforded a full opportunity to cross-examine him regarding his opinions. She has not argued, let alone shown, how the filing of the guardian's written report one day after the hearing and before the trial court's judgment, resulted in any prejudice to her.
Accordingly, Nicholson's first assignment of error is overruled.
Nicholson's second assignment of error follows:
 THE JUVENILE COURT COMMITTED REVERSIBLE ERROR IN FAILING TO DETERMINE WHETHER APPELLEE MADE "REASONABLE EFFORTS" TO ELIMINATE THE REMOVAL OF RANONA SMITH AND HER SIBLINGS FROM THEIR HOME.
This assignment lacks merit.
Nicholson argues the trial court erred by terminating her parental rights without making an express finding that the reasonable efforts had been made to "eliminate the continued removal of the children" from their home. It is noteworthy, however, that Nicholson does not challenge the sufficiency of the evidence to support such a finding that CCDFCS made "reasonable efforts" during the course of more than three years since the filing of the original plan for reunification with her children.
The Twelfth District Court of Appeals expressly rejected the argument that the failure to make an express finding of "reasonable efforts" per se constituted reversible error in Inre Pieper Children (1993), 85 Ohio App.3d 318, 326. The court recognized that the reasonableness of the agency's efforts could be determined from the record. Id.
The record in the case at bar shows that Nicholson was offered alcohol and substance abuse treatment, parenting education, and domestic violence counseling, as part of her case plan. She does not argue that any of these services or the requirement to complete them was unreasonable, that she requested any additional services, or even that any additional services would have been reasonable.
It is undisputed that Nicholson did not complete the substance abuse program. She had years to do so. CCDCFS cannot force her to complete the program. Under the circumstances, Nicholson has failed to show reversible error.
Accordingly, Nicholson's second assignment of error is overruled.
Nicholson's third assignment of error follows:
 THE JUVENILE COURT'S FAILURE TO HOLD A DISPOSITIONAL HEARING FOR THE PURPOSE OF CONSIDERING THE BEST INTERESTS OF RANONA SMITH DENIED MS. NICHOLSON'S DUE PROCESS RIGHTS AND ABRIDGED HER FUNDAMENTAL RIGHT TO RAISE HER DAUGHTER.
This assignment lacks merit.
Nicholson argues the juvenile court erred by failing to bifurcate the adjudicatory and dispositional hearings concerning her daughter Ranona. The trial court's journal entry found Ranona to be neglected as alleged in the complaint and stated, contrary to Nicholson's argument on appeal, that parties agreed to proceed immediately to disposition.
The record shows that Nicholson invited the error about which she now complains by agreeing to consolidate it with the proceedings in the other cases. The third complaint involving Ranona proceeded to hearings with CCDCFS's motion for permanent custody of the other children. The other six cases did not involve adjudication issues, because Nicholson had already stipulated to finding each child to be dependent.[1]
At the outset of the pretrial hearing on October 28, 1997, Nicholson's counsel stated that "it's the same issues on all the kids." The complaint involving Ranona proceeded to trial six months thereafter on June 23, 1998 with the other cases. Nicholson agreed to the procedure used, had notice concerning how the entire matter would proceed, and presented evidence concerning both the adjudication and disposition of Ranona at the consolidated hearing.
Under the circumstances, the trial court could properly find that Nicholson waived the right to separate adjudicatory and dispositional hearings concerning Ranona when she agreed to consolidate proceedings involving all the children. See In reLittlejohn (May 7, 1998), Cuyahoga App. Nos. 71354, 71355 and 71356, unreported at pp. 6-7.
Accordingly, Nicholson's third assignment of error is overruled.
Nicholson's supplemental assignment of error follows:
 TRIAL COUNSEL'S FAILURE TO REQUEST SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW, FAILURE TO MAKE SPECIFIC OBJECTIONS TO THE MAGISTRATE'S DECISION, FAILURE TO FILE A TRANSCRIPT IN SUPPORT OF APPELLANT'S OBJECTIONS, AND FAILURE TO OBJECT TO SERIOUS PROCEDURAL DEFECTS IN THE PROCEEDINGS, DEPRIVED APPELLANT OF THE DUE PROCESS RIGHT TO COUNSEL PROVIDED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, SECTIONS 1, 2, 16
AND 19 OF ARTICLE I IN THE OHIO CONSTITUTION, R.C. 2151.35.2 AND JUV.R. 4 (A).
This assignment lacks merit.
Nicholson argues that her court-appointed public defender provided ineffective assistance of counsel in the juvenile court. She raised this argument as a supplemental assignment of error in response to a motion by CCDCFS to dismiss this appeal for failure to preserve the above three assignments of error.[2]
The standard governing claims of ineffective assistance of counsel in permanent custody proceedings is the same standard that applies in criminal cases. In re Brodbeck (1994), 97 Ohio App.3d 652,657; Jones v. Lucas Cty. Children Serv. Bd. (1988), 46 Ohio App.3d 85,86; In re Cobb (Feb. 15, 1996), Cuyahoga App. Nos. 68994, 68995 and 68996, unreported at p. 7; In re Cooperman (Jan. 15, 1995), Cuyahoga App. No. 67239, unreported at p. 9 (all citingStrickland v. Washington (1984), 466 U.S. 668).
Under this standard, an aggrieved party must show deficient performance by counsel and resulting prejudice:
 First, defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington, supra at 687; see, also, State v.Bradley (1989), 42 Ohio St.3d 136. As a result of our review of the record, we find that Nicholson failed to show either element in the case at bar.
The record in the case at bar unambiguously reveals that, at a minimum, Nicholson had a substance abuse problem and failed over a period of years to comply with her case plan to complete a substance abuse program. No amount of "lawyering" could change these undisputed facts. See In re Cobb, supra at p. 7. Because this court is able to review every assignment of error presented by her new appellate counsel, it is not clear that trial counsel was deficient. Moreover, even if counsel were deficient as Nicholson contends, the record does not show that she was deprived of a fair trial or that her trial resulted in an outcome that was not reliable.
Accordingly, Nicholson's supplemental assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and MICHAEL J. CORRIGAN, J.,CONCUR.
 _________________________________ DIANE KARPINSKI, PRESIDING JUDGE
[1] Nicholson likewise stipulated to finding Ranona to be dependent under two prior complaints. Ranona was originally returned to the custody of Nicholson, with an order of supervision entered on the second complaint. CCDCFS ultimately filed a third complaint for permanent custody, which required another adjudication and disposition.
[2] We denied CCDCFS's motion to dismiss by separate journal entry.