Appellant Catsanova Austin Hall ("Hall") brings this appeal from the judgment of the Court of Common Pleas of Allen County, Juvenile Division, granting permanent custody of her children to Appellee Allen County Children Services Board ("ACCSB").
On October 13, 1998, ACCSB filed a complaint requesting protective supervision due to frequent complaints of domestic violence between Hall and her husband and of frequent use of illegal drugs. A hearing was held on the complaint on November 16, 1998. On December 9, 1998, the trial court found that Salibrina Austin (D.O.B. October 11, 1995) and ZaShawn Austin (D.O.B. December 28, 1997) were dependent. A dispositional hearing on the adjudication occurred on January 21, 1999. On February 19, 1999, the trial court entered judgment granting the complaint for protective supervision of the children and approved the case plans filed by ACCSB. The case plan required that Hall attend anger management/domestic violence counseling, obtain a drug assessment, and submit to random drug screenings.
On April 7, 1999, ACCSB performed a semiannual administrative review ("SAR") of the case plan. At that time, it was noted that Hall had begun domestic violence counseling, however she never completed it. Hall had not complied with the order that she obtain a drug and alcohol assessment, however, her drug screens were negative for illegal substances. On September 14, 1999, ACCSB moved to continue protective supervision on the basis that Hall still needed to comply with the services recommended as a result of the drug and alcohol assessment and the domestic violence counseling. A hearing was held on the motion on November 15, 1999. On December 14, 1999, the trial court ordered that protective supervision would continue for an additional six months, based upon Hall's failure to comply with the case plan and the fact that she admitted to her continued drug usage.
On February 2, a caseworker for ACCSB visited Hall's home and found the children home alone. After approximately 10 minutes, Hall arrived home and claimed that she had just left to make a phone call. The caseworker returned to the home the next day and found ZaShawn home alone. After waiting until the police arrived to search for Hall without success, the caseworker removed the child from the home. Hall later took Salibrina into ACCSB as well. ACCSB then moved for temporary custody on February 8, 2000. On April 6, 2000, an SAR was held in which it was indicated that although Hall did begin counseling, she did not consistently attend the sessions. A hearing was held on the motion on May 10, 2000. On June 30, 2000, the trial court granted the motion for temporary custody. Under the new case plan, Hall was ordered to attend anger management counseling, to comply with the conditions of her probation, to receive drug treatment, and to cooperate with the family aide worker during her visits to learn parenting skills. However, Hall's visits were cut short when she was incarcerated in June of 2000. During her incarceration, Hall completed the jail's anger management counseling and drug treatment program.
On September 28, 2000, ACCSB filed a motion for permanent custody of the children. The basis of the motion was the failure of Hall to cooperate with the agency or to make progress on the goals of the case plans. A hearing was held on the motion on March 14, 2001. At the hearing, the testimony indicated that Hall had failed a drug screen subsequent to her release from jail in October of 2000. It also was indicated that Hall was once again incarcerated. On April 9, 2001, the trial court entered judgment granting permanent custody of the children to ACCSB. It is from this judgment that Hall appeals.[1]
Hall raises the following assignments of error.
 The trial court held against the manifest weight of the evidence that "notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problems that caused the child to be placed outside the child's home initially, both parents have failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home."
 The trial court held against the manifest weight of the evidence that the "mother and father have failed to comply with the case plan goals and objectives."
 The trial court held against the manifest weight of the evidence that the mother has demonstrated a lack of commitment toward the child by failing to support, visit, or communicate with the child when able to do so.
 The trial court held against the manifest weight of the evidence that the child cannot be placed with either parent within a reasonable period of time and should not be placed with either parent.
 The time for filing the motion for permanent custody was premature in accordance with R.C. 2151.413(D)(1) in that removal of the children occurred on February 3, 2000, and the motion for permanent custody was filed with the court September 28, 2000.
 The court appointed attorney provided ineffective legal counsel in the following areas: 1) Failed to object to prejudicial hearsay statements of Salibrina; 2) Failed to provide testimony regarding the programs she completed in the Allen County Jail; 3) Failed to allow Hall to testify; 4) Failed to ask for findings of fact to determine the basis for the conclusions of law; 5) Failed to call as a witness Ms. Reed, Family Aide, who had made her address available to Hall and who had stated that she would testify and the social worker, Dale Levernight, who was also available and ready to testify to the completion of the counseling required by the case plans; and 6) Failed to demand that the cause be dismissed when the court took thirty-six days to journalize its decision upon completion of the hearing in this case.
R.C. 2151.414 states in pertinent part:
 (B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 * * *
 (D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section * * * the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child.
 * * *
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 * * *
 (E) In determining at a hearing * * * whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available tot he parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 * * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 * * *
 (11) The parent has had parental rights involuntarily terminated * * * with respect to a sibling of the child.
 * * *
 (13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.
 (14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
 * * *
 (16) Any other factor the court considers relevant.
The first four assignments of error all claim that the trial court's judgment was against the manifest weight of the evidence. An appellate court may reverse a judgment of a lower court if it finds that the judgment was against the manifest weight of the evidence. App.R 12(C). "However, if there is some competent credible evidence to support the trial court's finding, this court will not overturn the judgment of the lower court. The appellate court is not to substitute its decision for that of the trial court." Garabrandt v. Lucas Cty.Children Serv. Bd. (1988), 47 Ohio App.3d 119, 121,547 N.E.2d 997, 1000.
Here, Hall first claims that ACCSB did not act diligently to help her comply with the case plan. Hall argues that she could not afford counseling, which is why she was unable to complete it. However, the testimony of the caseworker was that although the cost of counseling was a problem for a while, the agency eventually agreed to cover the minimal costs[2] of the counseling. Once Hall was released from jail, where she did complete an anger management class and a substance abuse program, she did not follow through with the required counseling. She frequently failed to attend drug treatment programs beyond the initial assessment, which she only attended when forced to do so by ACCSB. She also was a frequent starter of counseling, but never completed the program, even after ACCSB had filed for permanent custody.
The testimony also established that Hall was resistant to any assistance the caseworkers offered in the attempt to improve her parenting skills. She did not know how to interact with both children and would spend her visits with one child while ignoring the other. The testimony and the statements made in the SAR indicate that Hall was not consistent with her visitation. Although many of the missed visits occurred due to her incarceration, Hall missed others when she was not incarcerated. She also was frequently late to visits.
Finally, there was testimony that since the children had been taken into temporary custody, Hall had been incarcerated and released. She subsequently tested positive for drug use. There was also testimony that at the time of the hearing on the motion for permanent custody, Hall was once again incarcerated. There was no testimony that Hall had done anything since her release from jail to remedy the problems which caused the removal of the children prior to her incarceration. Based upon this testimony, the trial court's judgment was supported by some evidence. Thus we will not reverse that judgment as not being supported by the weight of the evidence. The first four assignments of error are overruled.
The fifth assignment of error claims that the time for filing the motion for permanent custody was premature and violated R.C.2151.413(D)(1). R.C. 2151.413(D)(1) states that if a child has been in the custody of a children services agency for twelve or more months of a consecutive twenty-two month period, the agency shall file a motion for permanent custody. Hall claims that since the agency had only had temporary custody of the children since June 30, 2000, the motion for permanent custody, filed on September 28, 2000, was premature. However, R.C. 2151.413(A) states as follows:
 A public children services agency or private child placing agency that * * * is granted temporary custody of a child who is not abandoned or orphaned may file a motion in the court that made the disposition of the child requesting permanent custody of the child.
There is no requirement that the agency have temporary custody for a certain time period before moving for permanent custody. R.C. 2151.413(D) does not apply to this case for it merely requires the agency to move for permanent custody if they have the child for an extended period of time. However, ACCSB had the authority to move for permanent custody in September of 2000, even though they had only had temporary custody since June 30, 2000. The fifth assignment of error is overruled.
The sixth assignment of error is that Hall was denied effective assistance of counsel.
 A two-pronged test was set forth by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693, to determine whether an individual had effective assistance of counsel:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
 This test is applicable in an action for the permanent, involuntary termination of parental rights. Jones v. Lucas Cty. Children Serv. Bd. (1988), 46 Ohio App.3d 85, 546 N.E.2d 471, syllabus. However, we note that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.
In re Brodbeck (1994), 97 Ohio App.3d 652, 657, 647 N.E.2d 240,243-44.
Here, Hall claims that her counsel was ineffective for several reasons. First, she claims that counsel should have objected to prejudicial hearsay statements made by Salibrina. Although Hall does not specify the statements at issue, we will presume that they were the statements made about Hall's alleged physical abuse. In a bench trial, the trial court is presumed to have relied only upon admissible evidence. State v. Davis (1992), 63 Ohio St.3d 44,584 N.E.2d 1192. Since the trial court did not find that Hall had physically abused her children, there is no evidence in the record to suggest that the trial court relied upon hearsay evidence. Thus, this argument is without merit.
Hall's second claim is that her counsel did not provide testimony as to the programs she completed while in jail. While it is possible that there may have been additional evidence to be presented, Hall's counsel did get the fact that Hall had completed an anger management class and a drug treatment program while in jail into evidence. Thus, there is no merit to this argument.
In the third and fifth arguments, Hall claims that she should have testified and that her counsel should have called two other witnesses. "The failure of trial counsel to call a witness is a decision concerning trial strategy, and, absent a showing of prejudice, such failure does not deprive a defendant of effective assistance of counsel." State v. Williams (1991), 74 Ohio App.3d 686,695, 600 N.E.2d 298, 304. We note that the record is silent as to any benefit that any of these witnesses may have given. Hall argues in her brief that she asked counsel to testify and that the two witnesses would have aided her case. However, the record does not contain a proffer of any testimony that these witnesses may have given. Although Hall claims that she and the other witnesses may have helped her case, counsel may have had a good reason for not wanting them to appear and testify. We also note that Hall was present in the courtroom and could have stated she wanted to testify if that was really her desire. Absent a showing of prejudice, we will not second-guess counsel. These arguments are also without merit.
Hall also argues that counsel should have asked for findings of fact to determine the basis for the conclusions of law. Although findings of fact are useful for the appeal, there is no requirement that they be requested. The request for findings of fact from the trial court does not have any effect on the judgment of the trial court. Thus, the failure to request findings of fact cannot be the basis of a claim of ineffective assistance of trial counsel.
Finally Hall claims that trial counsel should have moved to dismiss the claim because the trial court took too long to enter judgment. "The court shall issue an order that grants, denies or otherwise disposes of the motion for permanent custody, and journalize the order, not later than two hundred days after the agency files the motion." R.C. 2151.414(A)(2). In this case, the trial court did not enter its judgment until 204 days after the motion was filed. However, the "failure of the court to comply with the time periods set forth in division (A)(2) of this section does not affect the authority of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court." Id. Given that the trial court's failure to timely issue its judgment has no effect on the validity of its judgment, trial counsel did not err in failing to move to dismiss the complaint based upon the lack of timeliness. This argument is also without merit and the sixth assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County, Juvenile Division is affirmed.
Judgment Affirmed.
SHAW and HADLEY, J.J., concur.
[1] We note that the case plans applied to both Hall and the father. The judgment also terminated the parental rights of the father. However, only Hall is appealing the decision. Thus, we will only deal with the testimony that relates to Hall.
[2] Testimony was given that the cost of counseling was calculated on a sliding scale. Hall would have been charged the minimum which was $5.00 per session.