OPINION
In this consolidated appeal, Appellant, Abby Heintz, appeals from a judgment by the Logan County Common Pleas Court, Juvenile Division, terminating her parental rights and granting permanent care and custody of her minor children to Appellee, Logan County Children's Services Board ("LCCSB"). On appeal, Appellant contends that the trial court's grant of permanent custody to the LCCSB was against the manifest weight of the evidence. However, because of the detrimental effect of Appellant's continued alcohol abuse, her ongoing failure to receive treatment therefore, and the children's subjection to an abusive environment while in her care, we find clear and convincing evidence supporting the trial court's decision.
Facts and procedural history pertinent to the issues raised on appeal are as follows. Appellant is the mother of Patricia and Tabatha Heintz, ages ten and nine respectively. On May 5, 2000, the LCCSB took both girls into custody after reports of alcohol abuse and domestic violence between Appellant and her boyfriend, Denver Proffitt, indicated child endangerment. At that time, the children also disclosed allegations of excessive physical discipline in the household. On August 8, 2000, Patricia and Tabatha were adjudicated dependent and neglected children. Thereafter, a shelter care hearing was held, and the concomitant judgment entry directed the children to be committed to the temporary custody of the LCCSB until further orders of the court. At that time, the children were placed with a foster family.
Subsequently, pursuant to an August 24, 2000 judgment entry, the children were returned to Appellant's care under LCCSB protective supervision. A case plan including counseling for Appellant's alcoholism and mental health was also incorporated into the court's order. However, throughout this case, Appellant's attendance at alcohol treatment sessions has been limited.
On November 30, 2000, Patricia and Tabatha contacted the police because Appellant, Proffitt, and another adult were in a physical altercation, again exacerbated by alcohol. Moreover, one of the children became physically involved in the fight. Appellant was intoxicated and could not care for the children, allowing them to stay with their former foster family for the night. In light of this incident and pursuant to an emergency custody order, the court again placed the children with the LCCSB.
Following a subsequent shelter care hearing, Appellant conceded that the children should remain with their foster family. At that time, Appellant obtained a civil protection order against Proffitt; however, she failed to attend the final hearing on the matter, eventually dismissing it. Also around this time, Patricia stated that Proffitt had sexually abused her. After a January 30, 2001 adjudicatory hearing, Patricia was deemed an abused child, and both children were adjudicated dependent.
Appellant continued to abuse alcohol throughout this period. She was arrested for driving while intoxicated in January 2000 and again in April 2000. Although she attempted to commit to an in-patient alcohol treatment facility, she abandoned the program after four days. Moreover, the evidence supports that she was not complying with the ordered case plan and continued to have contact with Proffitt.
On October 8, 2001, the LCCSB filed a motion for permanent custody of Patricia and Tabatha. Because the children's father had not been located, he was served with notice of the permanent custody hearing by publication. At this time, the trial court also merged Patricia and Tabatha's cases. After a hearing on the motion, the trial court awarded the LCCSB permanent custody of both children pursuant to a January 15, 2002 judgment entry. From this decision, Appellant appeals, asserting one assignment of error for our review.
 Assignment of Error I
"The trial court erred to the prejudice of Appellant when it granted permanent custody to the Logan County Children's Services Board against the manifest weight of the evidence."
As an initial matter, we note that an appellate court must adhere to "every reasonable presumption in favor of the lower court's judgment and finding of facts."[1] Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.[2]
The Ohio Revised Code provides that a clear and convincing evidence standard must be utilized when determining permanent termination of parental rights.[3] Clear and convincing evidence is "that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."[4]
R.C. 2151.414(B)(1) states that when deciding whether to permanently divest parents of their custody rights, a trial court must apply a two-prong test. The court must first determine by clear and convincing evidence, whether such action will serve the best interests of the child.[5] Once a court determines that granting permanent custody to the movant would be in the child's best interest, the court must then consider whether one of the factors in R.C. 2151.414(B)(1)(a)-(d) applies.
The relevant factor to this case asks whether the children have "been in the temporary custody of one or more public children services agencies * * * for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."[6] The children herein have been in the temporary custody of the LCCSB for just over thirteen months, a fact not in dispute. Accordingly, we will now turn to discuss Appellant's claim that the trial court's best interest finding is against the manifest weight of the evidence.
R.C. 2151.414(D)(1) through (5) sets forth the relevant factors that a court must consider in determining the best interests of the child. These factors include, but are not limited to, the following:
 "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 "(2) The wishes of the child * * * with due regard for the maturity of the child;
"(3) The custodial history of the child * * *;
 "(4) The child's need for a legally secure permanent placement and whether * * * [it] can be achieved without a grant of permanent custody to the agency;
 "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.[7]"
After considering the factors of R.C. 2151.414(D), the trial court found clear and convincing evidence that the best interests of Patricia and Tabatha would be served by awarding permanent custody to the LCCSB. For the following reasons, we find that this determination is supported by competent and credible evidence.
Pursuant to R.C. 2151.414(D)(1), the evidence indicates that Patricia and Tabatha's interaction with individuals in Appellant's home, including Appellant, has a detrimental effect upon their well-being. Testimony and evidence presented at trial reveals that Appellant is an alcoholic, which has exacerbated domestic violence in the home between she and her boyfriend, Denver Proffitt, resulting in physical harm to the children. Moreover, physical abuse against the children has been documented, and after the children were removed from the home a second time, Patricia indicated that Proffitt had fondled her breasts and buttocks. While Appellant claims that she is no longer seeing Proffitt, various witnesses testified that he has been at her home while the children have been in the temporary custody of the LCCSB, and Appellant allowed a civil protection order against Proffitt to be dismissed when she did not appear at the final hearing. Additionally, Appellant is aware, yet ignores, as evidenced by her continued relations with him, that Proffitt is a primary source of anxiety in the children's life, making them afraid to live with her. On the other hand, one of the children has shown a marked improvement at school while living with their foster family. Additionally, the foster parents have been teaching both girls proper coping skills and anger management.
In light of R.C. 2151.414(D)(2), both children have expressed their concern of Appellant's inability to keep them safe in her home. While the evidence indicates that the children love their mother, they are disappointed in her inability to stop drinking and end her relationship with Proffitt, whom they fear and never want to see again. Further, the girls expressed to their guardian ad litem that they would not be surprised if permanent custody was granted.
Additionally, subsection (E)(9), which states the following, is also established by the evidence: "The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412 of the Revised Code requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent."
Herein, in both instances the children were removed from Appellant's care resulted from her alcoholism. Each time at least one of the children was drawn into ensuing violence between Appellant and Proffitt, resulting in physical harm. Once the children were removed, Appellant's case plan included that she participate in treatment for her dependency and was recommended to attend intensive outpatient treatment ("IOP"). Out of thirty-eight IOP appointments, Appellant only attended seventeen. Thereafter, she was advised to attend a woman's group once a week; however, only five of sixteen appointments were kept. Appellant was then scheduled to attend IOP for a second time but failed to attend any session. Subsequently, Appellant received two driving under the influence of alcohol violations and was ordered to attend treatment as a result thereof, in conjunction with the continuing orders under her case plan with the LCCSB. After four days of an approximately ninety-day in-patient program, Appellant voluntarily left the facility and did not return. Notably, Proffitt, among others, drove her home from the in-patient facility. At the time of the proceedings before the trial court, she had attended one IOP session but had not attended the six scheduled sessions immediately preceding the hearing.
R.C. 2151.414(D)(5) is also satisfied by the evidence in this case. Subsection (E)(10) provides that parental abandonment should be considered when deciding a child's best interests. The evidence supports that Patricia and Tabatha's father has been unable to be located despite several attempts and service by publication, thus supporting the trial court's finding of abandonment.
The trial court noted that it considered all the factors in R.C. 2141.414(D) to determine whether permanent custody would be in Patricia and Tabatha's best interests. As demonstrated by the evidence, various reasons clearly justify the trial court's conclusion that the children would be better cared for in another home, including Appellant's failure to address and ameliorate her problems with alcohol despite multiple court orders, her continued placement of alcohol and other desires above the basic needs of the children, and her inability to maintain a non-abusive environment for the children. Accordingly, because competent, credible evidence supports the trial court's finding that permanent custody is appropriate, by clear and convincing evidence, we find Appellant's assignment of error to be without merit, and it is hereby overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgments of the trial court are affirmed.
Judgments affirmed.
SHAW, P.J., and HADLEY, J., concur.
[1] In re Brodbeck (1994), 97 Ohio App.3d 652, 659, 647 N.E.2d 240, quoting Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226,1994-Ohio-432, 638 N.E.2d 533.
[2] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.
[3] R.C. 2151.414.
[4] Cross v. Ledford (1954), 161 Ohio St. 469, 53 O.O. 361,120 N.E.2d 118, paragraph three of the syllabus; In re Hickok (Sept. 1, 2000), Marion Nos. 9-2000-27, 9-2000-28, 9-2000-29.
[5] R.C. 2151.414(B)(1).
[6] R.C. 2151.414(B)(1)(d).
[7] R.C. 2151.414(D).