OPINION
Appellant, Tonya Hosler, appeals from a judgment by the Allen County Common Pleas Court, Juvenile Division, terminating her parental rights and granting permanent care and custody of her minor child to Appellee, Allen County Children Services Board ("CSB"). Appellant contends on appeal that the trial court erred in finding that the CSB was not required to make reasonable efforts to reunite her with her child prior to the permanent custody determination and that the permanent custody determination was not supported by clear and convincing evidence. We disagree.
Because Appellant had the custody of five other children previously terminated, the CSB was not required to use reasonable efforts to reunify after they were granted temporary custody of the child. Furthermore, the grant of permanent custody to the CSB was supported by competent and credible evidence; specifically, the evidence supported that Appellant has had an extensive past with the CSB and frequently engages in transient behavior, and the child's father has demonstrated a lack of commitment to the child, is unemployed, and does not possess necessary parenting skills.
The facts leading to this appeal are as follows. On March 2, 2000, a complaint was filed by the CSB alleging that Destiny Meeker was a dependant child because her mother, Appellant, had previously committed prior acts that lead to the permanent, involuntary removal of five other children from her care. The prior removals were based on several factors, including the children's failure to thrive, Appellant's transient behavior, and Appellant's placing the children at risk by residing with a child abuser. Furthermore, Appellant has been diagnosed as a manic-depressive with explosive personality disorder. As a result of the complaint, Destiny was placed in the shelter care of the CSB.
On March 9, 2000, the CSB filed a motion requesting a hearing to determine if reasonable efforts were required, pursuant to R.C.2151.419, to reunite Destiny with Appellant. Thereafter, the magistrate ordered the appointment of a guardian ad litem to protect Destiny's interests, and the magistrate also recommended that Destiny be adjudicated as a dependent child and that reasonable efforts for reunification were not required due to Appellant's five previous children being permanently removed from her care. The trial court adopted the magistrate's recommendation and subsequently ordered that the temporary custody of Destiny be placed with the CSB.
Throughout these initial proceedings, paternity of Destiny's father had not been established. Eventually paternity was established with Nathan Meeker, and he along with his mother and stepfather, Susan and Joseph Johnson, expressed an interest in taking custody of Destiny. After a home study was conducted of the Johnson residence, it was ascertained that Joseph had a criminal history and was debilitated from a stroke as a result of crack-cocaine use. Furthermore, Susan has a history of allegations with the CSB, and the house was not clean or safe. Notwithstanding, Nathan Meeker was afforded visitation with Destiny; however, he attended only forty-one percent of the scheduled sessions.
On January 10, 2001, the CSB filed a Motion Requesting Permanent Custody of Destiny, which was subsequently supported by the guardian ad litem's recommendation to the court. The matter was heard before the trial court on April 17, 2001, and the trial court found by clear and convincing evidence that permanent custody of Destiny should be awarded to the CSB pursuant to R.C.2151.414. From this decision Appellant appeals and asserts the following sole assignment of error for our review.
 Assignment of Error I The trial court erred in finding that Appellee proved by clear and convincing evidence pursuant to Ohio Revised Code section 2151.414 that Appellant's parental rights be terminated.
Initially we note that an appellate court must adhere to every reasonable presumption in favor of the trial court's judgment and findings of fact.[1] Judgments are not subject to reversal if supported by competent, credible evidence.[2]
Appellant maintains that the trial court erred by finding that the CSB was not required to make reasonable efforts to reunite Destiny and Appellant before permanent custody was awarded to the CSB. R.C. 2151.419(A)(2) states that if any of the factors located in (A)(2)(a) through (e) of that section apply then the CSB is not required to make reasonable efforts to return the child to the child's home. Subsection (e) permits a reasonable efforts bypass if the parent from whom the child was removed has previously had parental rights involuntarily terminated with respect to a sibling of the child. Appellant has previously had five children involuntarily removed from her care; therefore, the trial court did not err in its determination that reasonable efforts were not required to reunite Destiny and Appellant.
Appellant further contends that the trial court erred in its determination that permanent custody should be granted to the CSB. The Ohio Revised Code provides that a trial court must utilize a clear and convincing evidence standard when determining permanent termination of parental rights.[3] Clear and convincing evidence is "that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."[4]
R.C. 2151.414(B)(1) states that when deciding whether to permanently divest parents of their custody rights, a trial court must apply a two-prong test. The court must first determine whether such action, by clear and convincing evidence, will serve the best interests of the child.[5] Once a court determines that granting permanent custody to the movant would be in the child's best interest, the court must then consider whether one of the factors in R.C. 2151.414(B)(1)(a) through (d) applies. The relevant factor in this case is whether the child "cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents."[6]
Appellant contends that there was not clear and convincing evidence to support the trial court's determination that Destiny could not be placed with either parent within a reasonable time. When a trial court determines that a child cannot be placed with her parents within a reasonable time or should not be placed with either parent, the court must find that one or more factors exist pursuant to R.C. 2151.414(E)(1) through (16) as to each of the child's parents. The trial court found that several factors were present in relation to Destiny's parents, however, because the court only needed to find one factor present for each parent, we will limit our discussion to R.C. 2151.414(E)(11), as to Appellant, and (E)(4), as to Nathan Meeker.
The court found that Appellant satisfied R.C. 2151.414(E)(11), which asks whether the parent has had permanent custody terminated with respect to a sibling of the child in question. In this case, Appellant admitted to having the custody of four of her other children permanently divested by Ohio courts and one by North Carolina courts. Similar testimony was also adduced from the involved CSB caseworker. Therefore, competent and credible evidence clearly and convincingly supports the trial court's finding that Appellant satisfies R.C. 2151.414(E)(11).
The trial court further found that Nathan Meeker satisfied R.C.2151.414(E)(4), which states that "[t]he parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child." Testimony demonstrates that Nathan was afforded visitation with Destiny two times a month; however, he only showed up at forty-one percent of the scheduled visitations, and he failed to notify the CSB when he was unable to attend. Moreover, when he did visit Destiny, he primarily sat in the corner and watched as his mother played with the child, and a couple of times he fell asleep during the scheduled visitation sessions. Nathan also testified to the fact that he has never supported Destiny financially, and he has only held one job, which lasted three months. Competent and credible testimony, therefore, clearly and convincingly supports the finding that Nathan also satisfies the requirements pursuant to 2151.414(E).
Once a finding is made that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, the court then must determine whether the child's best interests would be served by granting permanent custody to the CSB. R.C. 2151.414(D)(1) through (5) sets forth the relevant factors that a court must consider in determining the best interests of the child. These factors include, but are not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child * * * with due regard for the maturity of the child;
 (3) The custodial history of the child * * *;
 (4) The child's need for a legally secure permanent placement and whether * * * [it] can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.[7]
The trial court, after considering the factors of R.C.2151.414(D), found by clear and convincing evidence that the best interests of Destiny would be served by awarding permanent custody to the CSB. For the following reasons, we find that the evidence likewise supports this determination.
Pursuant to R.C. 2151.414(D)(1), testimony establishes that Destiny is thriving in the custody of her foster parents, who testified that if permanent custody is granted to the CSB they would like to formally adopt Destiny into their home. Additionally, as mentioned above, Destiny has a tenuous relationship with her father considering his lack of interaction with her during the scheduled visitations. Also, pursuant to subsection (D)(4), Destiny is in need of a secure permanent home. Testimony demonstrates that Appellant engages in transient behavior and has had over twenty residences, including being incarcerated for various crimes. Moreover, Nathan Meeker testified that he is currently unable to provide a secure home because of his lack of employment and parenting skills. Furthermore, as previously stated, Appellant satisfies R.C.2151.414(E)(11) because she has had the custody of several other children involuntarily terminated, which is a factor that may be considered pursuant to a best interest analysis under subsection (D)(5).
Because clear and convincing evidence supports the trial court's finding that Destiny cannot be placed with either of her parents within a reasonable time and because it would not be in her best interests for Appellant to resume custody, we find Appellant's contentions in relation thereto to be without merit.
For these reasons, Appellant's sole assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
[1] In re Brodbeck (1994), 97 Ohio App.3d 652, 659, citingGerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226.
[2] C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus.
[3] R.C. 2151.414.
[4] Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus; In re Hickok (Sept. 1, 2000), Marion App. Nos. 9-2000-27, 9-2000-29, unreported.
[5] R.C. 2151.414(B)(1); re: Blair (Oct. 16, 2001), Allen App. No. 1-01-60, unreported.
[6] R.C. 2151.414(B)(1)(a).
[7] R.C. 2151.414(D).