[Cite as *In re D.K.*, 2022-Ohio-1429.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: D.K. | : | JUDGES: |
|  | : | Hon. Earle E. Wise, Jr., P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
|  | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
|  | : |  |
|  | : | Case No. 2021CA0026 |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:                Appeal from the Court of Common
                                                              Pleas, Case No. 21930086

JUDGMENT:                                            Affirmed

DATE OF JUDGMENT:                             April 29, 2022

APPEARANCES:

For Plaintiff-Appellant                              For Defendant-Appellee

FREDERICK A. SEALOVER                      SARA R. CHISNELL
P.O. Box 2910                                         725 Pine Street
Zanesville, OH  43702-2910                     Coshocton, OH  43812

*Wise, Earle, P.J.*

{¶ 1} Appellant-father, C.K., appeals the November 5, 2021 judgment entry of the Court of Common Pleas of Coshocton County, Ohio, Juvenile Division, terminating his parental rights and granting permanent custody of his child to appellee, Coshocton County Job and Family Services.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 17, 2019, appellee filed a complaint alleging a child to be dependent and neglected: D.K. born in March 2013. Father is C.K., appellant herein; mother is J.S. It was alleged that father was incarcerated and mother had substance abuse issues. Appellee sought temporary custody of the child to the child's maternal grandmother, D.S., with protective supervision to the agency.

{¶ 3} On October 29, 2019, appellee requested emergency temporary custody of the child. By judgment entry filed same date, the trial court granted the request. A shelter care hearing was held the next day. By judgment entry filed November 4, 2019, the trial court ordered that the child shall remain in appellee's emergency temporary custody due to maternal grandmother's failure to comply with the safety plan in place.

{¶ 4} Adjudicatory and dispositional hearings were held on January 8, 2020, wherein the parents admitted to dependency. By judgment entry filed July 22, 2020, the trial court continued appellee's temporary custody of the child.

{¶ 5} On April 21, 2021, appellee filed a motion for permanent custody of the child. Hearings were held on June 24, and 25, and October 29, 2021. By judgment entry filed November 5, 2021, the trial court terminated the parents' parental rights and granted appellee permanent custody of the child.

{¶ 6}   Appellant-father filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 7}   "THE TRIAL COURT ERRED BY FINDING THAT THE BEST INTEREST OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED."

I

{¶ 8}   In his sole assignment of error, appellant claims the trial court erred in finding the best interest of the child would be best served by granting permanent custody of the child to appellee against the manifest weight of the evidence.  We disagree.

{¶ 9}   On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered."  *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  In *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting Black's Law Dictionary 1594 (6th Ed.1990), the Supreme Court of Ohio explained the following:

Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the

evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its *effect in inducing belief*."  (Emphasis sic.)

{¶ 10} In weighing the evidence however, we are always mindful of the presumption in favor of the trial court's factual findings.  *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶ 11} R.C. 2151.414(B)(1) states permanent custody may be granted if the trial court determines, by clear and convincing evidence, that it is in the best interest of the child and:

(a) The child is not abandoned or orphaned * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *.

(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an

abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

{¶ 12} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *See In re Adoption of Holcomb,* 18 Ohio St.3d 361, 481 N.E.2d 613 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

{¶ 13} R.C. 2151.414(E) sets out the factors relevant to determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Said section states in pertinent part to appellant the following:

(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with

either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.  In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.

(16) Any other factor the court considers relevant.

{¶ 14} R.C. 2151.414(D)(1) sets forth the factors a trial court shall consider in determining the best interest of a child:

(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4)

or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 15} For the purposes of R.C. 2151.414(B)(1), "a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."

{¶ 16} Appellant does not contest the fact that the child was placed in appellee's emergency temporary custody on October 29, 2019, the child was adjudicated and remained in appellee's temporary custody on July 22, 2020, the motion for permanent custody was filed on April 21, 2021, and hearings on permanent custody were held on July 24, and 25, and October 29, 2021. As correctly found by the trial court, the child has been in appellee's custody for over twelve months of a consecutive twenty-two-month period. R.C. 2151.414(B)(1)(d).

{¶ 17} Having made this finding, the trial court was not required to make findings under R.C. 2151.414(E). *See, In re DA.J.,* 8th Dist. Cuyahoga No. 110393, 2021-Ohio-3102, ¶ 61. Nevertheless, the trial court additionally found reasonable efforts had been made to prevent the removal of the child from the home, the child "cannot be placed with the Child's parents within a reasonable period of time and should not be placed with either parent pursuant to ORC Ann. 2151.414(E)," and made findings consistent with several factors under subsection (E). Most notably regarding appellant, the trial court found he "has been incarcerated for drug trafficking convictions the duration of the Case" and he is "unable to meet the basic needs of the Child."

{¶ 18} The central theme in appellant's appellate brief is that permanent custody was not in the child's best interest given mother's strides in the months preceding the permanent custody hearings. Many of the arguments pertain to mother; however, this is not mother's appeal, but father's. Appellant does argue the agency did not maintain contact with him and did not permit him to have "even the most minimal telephone contact" with the child. Appellant's Brief at 11. Appellant argues appellee "did not meet its burden to provide reasonable efforts toward reunification and any finding to the contrary was against the manifest weight of the evidence." *Id.*

{¶ 19} During the July 24, and 25, and October 29, 2021 hearings, the trial court heard from several caseworkers including the ongoing family caseworker, a psychologist that performed evaluations for the agency, the Coshocton County drug court coordinator, a social worker from Coshocton Behavioral Health Choices, the guardian ad litem for the child, the child's foster mother, and appellant. As explained by our brethren from the Second District in *In re A.J.S. & R.S.,* 2d Dist. Miami No. 2007CA2, 2007-Ohio-3433, ¶ 22:

Accordingly, issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. In this regard, "[t]he underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Finally, an appellate court must adhere to every reasonable presumption in favor of the trial court's judgment and findings of fact. *In re Brodbeck,* 97 Ohio App.3d 652, 659, 647 N.E.2d 240, citing *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 226, 1994-Ohio-432, 638 N.E.2d 533.

{¶ 20} Further, " 'the discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the

court's determination will have on the lives of the parties concerned.' " *In re Mauzy Children,* 5th Dist. Stark No. 2000CA00244, 2000 WL 1700073, *2 (Nov. 13, 2000), quoting *In re Awkal,* 95 Ohio App.3d 309, 316, 642 N.E.2d 424 (8th Dist.1994).

{¶ 21} In its judgment entry filed November 5, 2021, the trial court noted appellant appeared by audio and video from the Madison Correctional Institution. The trial court found appellant has been incarcerated on drug trafficking convictions during the entire case. Appellant was arrested on January 29, 2019, after his home was under investigation for drug trafficking, the home wherein the child resided. T. at 11. Appellant was found with drugs in his possession. *Id.* He was incarcerated on June 11, 2019. T. at 41, 57. His release date is January 2023. T. at 128, 254. Appellant "will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody [April 21, 2021] or the dispositional hearing [January 8, 2020]." R.C. 2151.414(E)(12). He is unable to meet the basic needs of the child. These findings are amply supported in the record. T. at 5-6, 11-12, 36, 41-42, 57, 91-92, 128-129, 156-157, 234, 254.

{¶ 22} At the time of the July 24, 2021 hearing, appellant's last potential contact with his child was 737 days before the hearing other than letters appellant sent to the child; mother's last contact was 515 days before the hearing and 808 days since she had been responsible for caring for her child. T. at 55, 130, 256-257, 270. The child does not meet the requirements for a planned permanent living arrangement [R.C. 2151.353(A)(5)], and no one was available for kinship placement. T. at 30-31, 54.

{¶ 23} As for best interest, the trial court found the child was in need of a legally secure placement which can only be obtained through a grant of permanent custody to appellee. The child has developed a significant bond with his foster parents, and it is

expected that the foster parents will provide permanency through adoption.  Again, the trial court's findings are amply supported in the record.  T. at 31, 58, 111-113, 238-241, 248-250, 274-275.

{¶ 24} The guardian ad litem testified the child is happy and thriving in the foster home.  T. at 239-240.  The guardian recommended granting permanent custody of the child to appellee because the child was in need of a legally secure and permanent placement and it was in the child's best interest.  T. at 241.

{¶ 25} While we commend appellant's efforts to communicate with his child during his incarceration, his incarceration prevented him from taking care of his child while the child's mother was dealing with substance abuse problems.  "Although it is apparent that Father loves his child and desires to care for the child * * * 'the mere existence of a good relationship is insufficient.  Overall, we are concerned with the best interest of the child, not the mere existence of a relationship.' "  *In re W.C.,* 8th Dist. Cuyahoga No. 90748, 2008-Ohio-2047, ¶ 26, quoting *In re R.N.,* 8th Dist. Cuyahoga No. 83121, 2004-Ohio-2560, ¶37.

{¶ 26} Upon review, we find sufficient clear and convincing evidence to support the trial court's decision to terminate appellant's parental rights and grant appellee permanent custody of the child, and do not find any manifest miscarriage of justice.

{¶ 27} The sole assignment of error is denied.

{¶ 28} The judgment of the Court of Common Pleas of Coshocton County, Ohio, Juvenile Division, is affirmed.

By Wise, Earle, P.J.

Delaney, J. and

Baldwin, J. concur.

EEW/db

**[Cite as *In re D.K.*, 2022-Ohio-1429.]**